(Pleito No. 18.—Fallado el 15 de Enero de 1900.)

## ROSAS contra STRIKER.

RECURSO contra sentencia dictada por el Tribunal de Distrito de Mayagüez.

1.—RECURSO DE CASACIÓN. El recurso de casación es procedente únicamente contra las sentencias definitivas.

2.—SENTENCIAS DEFINITIVAS. Una sentencia definitiva es aquella que pone término al pleito é imposibilita su continuación.

3.—RESOLUCIONES CONTRA LAS CUALES NO SE PUEDE ENTABLAR RECURSO DE CASACIÓN. No es sentencia definitiva una resolución en la cual se previene un abintestato y se eximen ciertos bienes de ser inventariados y de pasar á la posesión del depositario administrador.

4.—ACCIÓN DE LOS HEREDEROS. En el caso de referencia los interesados pueden ejercitar su acción con arreglo á la ley y hacer que se lleven dichos bienes á la masa hereditaria.

5.—ORDEN GENERAL No. 118. La sección 87 de dicha Orden no ha derogado los artículos 1687 y 1688 de la Ley de Enjuiciamiento Civil que declaran que los recursos serán procedentes solamente contra las sentencias definitivas.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á quince de Enero de mil novecientos, en las diligencias de prevención del abintestato de Doña María Isabel Rodríguez y Castillo, pendiente ante este Tribunal en vista de recurso de casación por infracción de ley, seguidas en el suprimido Juzgado de Mayagüez y en el Tribunal de Distrito de dicha Ciudad á instancias de Don Juan Lorenzo Rosas y Rodríguez, representado y defendido por el Letrado Don Herminio Díaz Navarro, Don Félix Striker y Seguinso, por Don Juan Lorenzo Muñiz y Don José Monserrate Rodríguez, sin que hayan comparecido en este Tribunal.—Resultando:

Que Don Lorenzo Rosas y Rodríguez en veinte de Julio de mil ochocientos noventa y siete, presentó escrito al extinguido Juzgado de Mayagüez solicitando la prevención de abintestato de su legítima madre Doña María Isabel Rodríguez y Castillo, acompañando la partida de defunción de ésta, la de su legítimo padre y la de bautismo del solicitante, y que además se practicaran las diligencias de los números 2.º y 3.º del artículo 965 de la Ley de Enjuiciamiento Civil.— Resultando: Que prevenido por dicho Juzgado, en auto de tres de Septiembre de mil ochocientos noventa y siete el abintestato de la mencionada Doña María Isabel, acordándose la ocupación de los libros, papeles y correspondencia de la finada y se inventariaran y depositaran los bienes en persona que ofrecieran garantía suficiente, se inventarió tan sólo una finca rústica, sita en el barrio del Rosario, compuesta de cien cuerdas de terreno más ó menos, cuya diligencia aparece sólo firmada por el actuario y Don Lorenzo Rosas.— Resultando: Que Don Félix Striker, Don Juan Lorenzo Muñiz y Don José Monserrate Rodríguez acudieron al intestado pretendiendo se levantara la ocupación ó intervención practicada sobre seis cuerdas de terreno del 1.º por pertenecerles, según escritura que acompaña inscrita en el Registro de la Propiedad; doce, con su casa, reclamadas por el 2.º, acompañando el posesorio inscrito en dicho Registro; y del 3.º cuarenta, produciendo escritura de compra-venta de ellas y otros documentos, accediendo el Tribunal de Distrito por auto de trece de Octubre último á lo pedido, alzando la ocupación de los terrenos reclamados, dejándose á la libre disposición de sus respectivos dueños, fundándose en que desde el momento que resultan bienes en poder de terceros con título, no cabe sostener la intervención por limitarse á los que no han salido del poder del testador, debiendo ventilarse en otro juicio el ejercicio de las acciones hereditarias para llevar á la masa lo que estime deban formar parte de ellas.—Resultando: Que negada por auto de dos de Noviembre la reposición pedida por Don Juan Lorenzo Rosas, ha interpuesto

recurso de casación contra dicho auto como comprendido en el número 1º del artículo 1,690 de la Ley de Enjuiciamiento Civil.—Visto: Siendo Ponente el Juez Asociado Don Juan Morera Martínez.—Considerando: Que según disponen los artículos 1,687 y 1,688 de la Ley de Enjuiciamiento Civil, el recurso de casación procede solamente contra las sentencias definitivas, cuyo concepto tienen las que, recayendo sobre un incidente ó artículo, ponen término al pleito, haciendo imposible su continuación; y las resoluciones recurridas, ni han puesto término al abintestato, que continúa abierto, ni impiden al recurrente ejercite la acción que le corresponde con arreglo á la Ley para llevar á la masa hereditaria los bienes que estime deban formar parte de ella.—Considerando: Que esa prescripción legal no ha sido derogada, modificada, ni alterada por la Orden General número 118, porque creada la única instancia para lo civil por economía, celeridad y simplificación, desaparecería ese fin perseguido admitiendo recursos de la naturaleza y clase del propuesto, reviviendo la 2ª instancia por la Orden General suprimida como innecesaria por la creación de los Tribunales colegiados y con ellas los abusos, la incidencia repetida, bajo formas de recursos de casación destruiría la tendencia de poner fin á los litigios en el plazo menor posible.—Considerando: Que ese es el espíritu y letra de dicha Orden al decir en su artículo 87, quedan derogados todos los preceptos de las Leyes de Enjuiciamiento Civil y Criminal relativos á la *sustanciación* del recurso de casación, sólo en cuanto se opusieren concreta y determinadamente á las anteriores disposiciones, demostrando que sólo la sustanciación ha sufrido esencial reforma, porque en otros puntos que á la casación concierne, se ha limitado: 1º A suprimir el trámite de admisión del recurso ante este Tribunal; 2º A declarar procedentes los por infracción de ley en todos los asuntos civiles limitados antes por el artículo 1,692, y hoy á los de la competencia de los Jueces municipales; y 3º La variante al caso 7º del 1,690 por admitirse casación por error en la apre-

ciación de toda clase de pruebas, según el artículo 79, quedando en pie la doctrina jurídica de los artículos en el primer considerando citados, consignada en la primitiva Ley de mil ochocientos cincuenta y cinco y sostenida á pesar de las diversas reformas por ella·sufridas, en especial las de mil ochocientos setenta y siete y mil ochocientos ochenta y uno.—Fallamos:　Que debemos declarar y declaramos no haber lugar al recurso de casación contra dichos autos de trece de Octubre y dos de Noviembre último dictados por el Tribunal del Distrito de Mayagüez, interpuesto por Don Juan Lorenzo Rosas y Rodríguez, con las costas y devuélvanse los autos, comunicándose esta resolución á dicho Tribunal.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José Mª Figueras.—Juan Morera Martínez.—Luis de Ealo y Domínguez.—Juan Hernández López.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Juan Morera Martínez, Ponente en este recurso, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á quince de Enero de mil novecientos.—E. de J. López Gaztambide.